RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  3  2  12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

WILLIAM BROYLES III, et al.,          CIVIL ACTION
          Plaintiff                   1:10-CV-01580

VERSUS

DOUGLAS GUILLORY, et al.,             JUDGE DEE D. DRELL
          Defendants                  MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, with supplemental state law claims, by plaintiffs William Broyles III ("Broyles"), (a resident of Shreveport, Caddo Parish, Louisiana), and Ring Media Group, LLC ("Ring Media") (a Texas limited liability company with its principal place of business in Caddo Parish, Louisiana), on October 15, 2010 (Doc. 1). Both Broyles and Ring Media are promoters of mixed martial arts ("MMA") fights in Louisiana and other states.

The named defendants, sued in their individual capacities, are Douglas ("Gil") Guillory ("Guillory") (a resident of Louisiana who is a licensed promoter of mixed martial arts ("MMA") fights in Louisiana), Kim Addison ("Addison") (a resident of Louisiana who is a licensed promoter of mixed martial arts ("MMA") fights in Louisiana) and Alvin Topham ("Topham") (a resident of Louisiana and a commissioner of the Louisiana Boxing and Wrestling Commission ("LBWC")).

Plaintiffs Broyles and Ring Media contend that Topham, as the Commissioner of the LBWC, favored certain MMA promoters and disfavored others, including Broyles and Ring Media, by (1) enforcing non-existent rules against Ring Media and Broyles, (2) intentionally trying to steer business to favored promoters and away from Ring Media and Broyles, illicitly loading up plaintiffs' MMA shows with unnecessary and often incompetent officials and improper and excessive fees, and (4) creating (with his co-defendants) a sham prosecution of an administrative complaint against plaintiffs.  Plaintiffs contend all of these actions were designed to disrupt plaintiffs' business and help and aid promoters favored by Topham.  Plaintiffs contend these actions deprived them of due process and deprived them of their property interests in MMA their shows and LSBWD license, and that Topham made arbitrary and capricious decisions concerning plaintiffs that were unreviewable, thereby depriving plaintiffs of their right to due process. Plaintiffs further allege this court's supplemental jurisdiction over their state law claims against Addision and Guillory, pursuant to La.C.C. art. 2315 for unfair trade practices and for abuse of process.  For relief, plaintiffs ask for compensatory damages against all defendants, punitive damages against Topham, attorney fees, judicial interest, expert witness fees, costs, and all other relief to which they may be entitled.  Plaintiffs also request a jury trial.

Defendants Guillory and Addison answered the complaint (Docs. 12, 13), and Topham filed a motion to dismiss pursuant to Fed.R.CIv.P. rules 4(m) and 12(b)(5) (Docs. 15, 16).   Topham's motion to dismiss was referred to the undersigned Magistrate Judge for report and recommendation (Doc. 38).  That motion is now before the court for disposition.

## Law and Analysis

Topham filed a motion to dismiss plaintiffs' action against him for failure to effect service of process within 120 days as prescribed by Fed.R.Civ.P. rule 4(m).   Rule 4(m) states: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, will dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period... ."

In Henderson v. U.S., the Supreme Court stated that Rule 4(m) states that complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow. Henderson v. U.S., 517 U.S. 654, 663, 116 S.Ct. 1638, 1643-1644 (1996). Fed.R.Civ.P. rule 4(m) permits a district court to enlarge the time for service even if there is no good cause shown. Henderson, 517 U.S. at 658 n.5, 116 S.Ct. at 1641 n.5.  If good

3

Cause is shown, a court *must* extend the time for service.[1]  If good cause is not shown, a court *may*, in its discretion, extend the time for service.   Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996), citing Pretrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305-1306 (3d Cir. 1995).

Fed.R.Civ.P. rule 6(b) states:

(b) Extending Time.
  (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
      (A) with or without motion or notice if the court acts, or  if a request is made, before the original time or its extension expires; or
      (B) on motion made after the time has expired if  the  party  failed  to  act  because  of excusable neglect.

In U.S. v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006), the court noted that Rule 6(b)(2) is less generous to dawdlers than Rule 4(m), not only in requiring the plaintiff to show excusable neglect if his motion for an extension is itself untimely, but also in not requiring the judge to grant the motion even if good cause is shown.  Conceivably, it could make a difference whether a finding of excusable neglect is a precondition to granting an

---

[1] The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

4

untimely motion for an extension of time within which to serve the complaint.  Neglect is excusable if there is a reason, which need not be a compelling reason, to overlook it.  McLaughlin, 470 at 700, citing Pioneer Investment Serv. Co. v. Brunswick Associates Ltd. partnership, 507 U.S. 380, 394-395, 113 S.Ct. 1489 (1993). However, it will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable. McLaughlin, 470 at 701, and cases cited therein.  Excusable neglect requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.  Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988), citing Wright & Miller, Federal Practice and Procedure, § 1165 (1987).  See also, Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995).

The pertinent time line in this case is as follow:

| | |
|---|---|
| 10-15-2010 | Suit filed (Doc. 1). |
| 10-19-2010 | Summonses issued (Doc. 3). |
| 2-22-2011 | Clerk of Court issued notice of intent to dismiss complaint for failure to effect service within 120 days. |
| 4-15-2011 | Plaintiffs filed motion for extension of time to effect service due to process server's failure to effect service and plaintiffs' counsel's health issues (Doc. 6). |
| 4-10-2011 | District Judge granted plaintiffs until May 15, 2011 to effect service. |
| 6-7-2011 | Plaintiffs filed second motion for |

5

extension of time to effect service due to evasion of service by Addison and Topham at the May 14, 2011 MMA event at which the process server attempted to serve them for more than one hour (Doc. 10).

6-8-2011         District Judge granted plaintiffs until June 15, 2011 to effect service.

6-15-2011        Topham was served.

Since plaintiffs served defendants within the time allotted by the court in its order granting a second extension of time, Topham is essentially arguing that the court abused its discretion for granting the extensions of time.  Topham argues that not only did plaintiffs file their first motion for extension of time outside of the 120 day statutory period, but they also filed their second motion for extension of time outside of the thirty day period allowed by the court.

Under Rule 4(m), it does not matter whether the district court found good cause or not because the motions for extension were granted and defendants have not shown actual prejudice.  However, under Fed.R.Civ.P. rule 6(b), it makes a difference whether plaintiffs showed "excusable neglect" for failing to file their motions for extension time in a timely manner.  In this case, neither motion for extension was filed timely.  However, since the district judge granted plaintiffs' untimely motions for extension, it is presumed he found "excusable neglect."

Accordingly, Topham's motion to dismiss should be denied.

6

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Topham's motion to dismiss be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE