RECEIVED
NOV 25 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **WILLIAM BROYLES, III, et al.** | CIVIL ACTION NO. 10-01580 |
| -vs- | JUDGE DRELL |
| **DOUGLAS GUILLORY, et al.** | MAGISTRATE JUDGE KIRK |

### JUDGMENT

The Court has considered the "Report and Recommendation" of the Magistrate Judge (Doc. 59) and has conducted an independent *de novo* review of the record including the Objections filed by Plaintiffs (Doc. 60). The Court concurs with the Magistrate Judge's findings under the applicable law and adopts the Report and Recommendation. Accordingly,

It is **ORDERED** that Plaintiffs' suit is **DISMISSED WITHOUT PREJUDICE**, as this Court lacks jurisdiction.

In so ruling, we note this case involves alleged unauthorized abuse of Plaintiffs' status by Mr. Topham and others. While the color of state law requirement is met, even so, not every violation of law rises to a federal constitutional level for liability. See Parratt v. Taylor, 451 U.S. 527 (1981). This is such a case. Plaintiffs' attempt to distinguish the rule of Parratt, arguing the state's failure to have advance procedures to redress the actions of Mr. Topham and other Defendants, is unsuccessful. Id. In the first instance, it was not

practicable for the state to provide "pre-deprivation" hearings, because it could not have had warning or knowledge of proposed actions by Defendants that Plaintiffs claim are problematic. Given that only damage claims remain before this Court, La. Civ. Code art. 2315 does indeed provide an adequate state remedy under these circumstances.

SIGNED on this 22nd day of November, 2013 at Alexandria, Louisiana.

                                        DEE D. DRELL, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT